IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID ANTOINE LUSTER, | ) | |
| Petitioner, | ) | Civil Action No. 18-160 Erie |
| | ) | |
| v. | ) | |
| | ) | Judge Susan Paradise Baxter |
| MARK K. WILLIAMS, | ) | |
| Respondent. | ) | |

## MEMORANDUM[1]

Pending before the Court is the amended petition for a writ of habeas corpus (ECF No. 4) filed by federal prisoner David Antoine Luster ("Petitioner") pursuant to 28 U.S.C. § 2241. For the reasons that follow, the Court will dismiss the amended petition.

## I.

**A. Relevant Background**

In 2004, Petitioner pleaded guilty to various counts of Bank Robbery and Using or Carrying a Firearm during a Crime of Violence in five criminal cases in the United States District Court for the Middle District of Georgia (the "sentencing court"). On April 1, 2004, he was sentenced to an aggregate term of 535 months of imprisonment. The sentencing court also imposed mandatory restitution. In one case (criminal case 5:03-cr-00052), it ordered that Petitioner pay a $400 special assessment and $229,269.00 in restitution to three financial institutions. (Resp's Attach. D, Ex. 2 at 4). In the Schedule of Payments section of the Amended Judgment, the sentencing court assessed Petitioner's ability to pay his criminal monetary penalties, then stated those penalties were due "immediately." (Id. at 5). The Amended Judgment specifically states that: "Unless the court has expressly ordered otherwise, if this

---

[1] On September 14, 2018, the undersigned was sworn in as a United States District Judge. This action was reassigned to this Court's docket on September 21, 2018.

judgment imposes imprisonment, payment of criminal monetary payments is due during imprisonment." (Id.) The sentencing court further noted that should Petitioner fail to make full restitution during his term of incarceration, payments shall be due in 60 monthly installments of $3,821.15. That payment schedule commences 60 days after Petitioner begins his term of supervised release. (Id.)

The United States Court of Appeals for the Eleventh Circuit affirmed Petitioner's convictions and sentences on direct appeal. According to Respondent, he has previously filed at least five unsuccessful motions with the sentencing court pursuant to 28 U.S.C. § 2255 and multiple petitions for a writ of habeas corpus with the sentencing court and also the United States District Court for the Middle District of Pennsylvania. (ECF No. 12 at 3 n.1).

The Bureau of Prisons (the "BOP") designated Petitioner to the Federal Correctional Institution McKean ("FCI McKean") in June 2018 and, therefore, he is currently confined within the territorial boundaries of this Court. In his amended petition (ECF No. 4), Petitioner challenges the BOP's scheduling of payments according to his Inmate Financial Responsibility Program ("IFRP") contract. He alleges that the five judgments against him are void and, as such, the restitution ordered in each case must also be void. He requests that all past and present contracts be deemed null and void and that this Court impose punitive damages in the amount of $611,205.00. In an "addendum" to his petition (ECF No. 11), Petitioner alleges that the sentencing court erred in failing to specify a schedule for restitution in his cases, and failed to consider his financial situation when ordering restitution.

Respondent filed an answer to the amended petition (ECF No. 12) and Petitioner filed his reply (ECF No. 13).

**B.    Discussion**

For federal prisoners, "[t]he 'core' habeas corpus action is a prisoner challenging the authority of the entity detaining him to do so[.]" McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010); see e.g.,

2

Cardona v. Bledsoe, 681 F.3d 533, 535-38 (3d Cir. 2012). "Two federal statutes, 28 U.S.C. §§ 2241 & 2255, confer federal jurisdiction over habeas petitions filed by federal inmates." Id. A federal prisoner seeking habeas corpus relief under § 2241, such as Petitioner is in this case, must bring that action in his custodial court (the federal district court in the district in which he is incarcerated). Bruce v. Warden Lewisburg USP, 868 F.3d 170, 178 (3d Cir. 2017). In the Third Circuit, federal prisoners may litigate in a § 2241 habeas petition certain matters that affect the duration of their custody, such as, for example, a challenge to the BOP's computation of the federal sentence, Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990), or a challenge to a BOP disciplinary action that resulted in the loss of good-time credits. Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008).[2]

Additionally, because § 2241 also confers habeas jurisdiction to hear a federal prisoner's challenge to the "execution of" his sentence, the United States Court of Appeals for the Third Circuit has held that a federal prisoner may challenge in a § 2241 petition "BOP conduct that conflict[s] with express statements in the applicable sentencing judgment." Cardona, 681 F.3d at 536; see also Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 243 (3d Cir. 2005) (defining "execution of" the sentence to mean "'put into effect' or carry out.'"). For example, and most relevant to this case, in McGee v. Martinez, 627 F.3d 933 (3d Cir. 2010), the petitioner's sentencing court imposed a term of imprisonment and assessed a $10,000 fine. The sentencing judgment provided that while the petitioner was in prison, "[p]ayment [of the fine] is to be made from prison earnings at a rate of $20.00 per month[.]" McGee, 627 F.3d at 937. Despite this specified rate of repayment in the sentencing judgement, the BOP placed the petitioner on an IFRP plan that required him to make payments at a rate of $25.00 a month. He

---

[2] In most cases, a federal prisoner who is challenging his custody on the ground that his predicate conviction or sentence is invalid must bring his claims under § 2255, although on rare occasions it is possible for a federal prisoner in the Third Circuit to attack the validity of his convictions under § 2241. 28 U.S.C. § 2255(e); In re Dorsainvil, 119 F.3d 245, 250-51 (3d Cir. 1997); Bruce, 868 F.3d at 180.

3

challenged the BOP's action in a § 2241 habeas petition. The district court dismissed the petition for lack of jurisdiction, but the Court of Appeals reversed. It held that the petitioner's claim concerned the "execution of" the petitioner's sentence because he was arguing that the payment terms imposed by the BOP in the IFRP conflicted with the sentencing court's judgment. Id. at 937. In a subsequent decision, Cardona v. Bledsoe, 681 F.3d 533 (3d Cir. 2012), the Court of Appeals explained that the rule to be gleaned from McGee and another key decision from it, Woodall v. Federal Bureau of Prisons, 432 F.3d 235 (3d Cir. 2005), is that, in order for federal prisoners to challenge the "execution of" their sentences under § 2241, they "need to allege that [the] BOP's conduct was somehow inconsistent with a command or recommendation in the sentence judgment." Cardona, 681 F.3d at 537; id. at 536 ("The petitions in Woodall and McGee both challenged BOP conduct that conflicted with express statements in the applicable sentencing judgment. That is, both petitions claimed that the BOP was not properly 'putting into effect' or 'carrying out' the directives of the sentencing judgment.") (internal quotations, altered text, and citations omitted).

In this case, Petitioner is not claiming that the BOP failed to properly "put into effect" or "carry out" the directive of the sentencing court's judgment. Rather, his challenges are with the validity of sentencing court's judgment itself, and specifically with the restitution portion of its judgment. For the reasons set forth above, his claims are not the type that this Court has jurisdiction to adjudicate under § 2241, and they are dismissed for that reason. Petitioner also seeks money damages, which is not available relief in a habeas proceeding. Marine v. Quintana, 347 F. App'x. 736 (3d Cir. 2009) (affirming that money damages are not available in a habeas action).

To the extent that Petitioner is raising any claim that is within this Court's jurisdiction to adjudicate under § 2241, any such claim is dismissed because he failed to exhaust his administrative remedies with respect to it. In order to obtain federal habeas relief under § 2241, a federal prisoner must

4

have first exhausted the BOP's administrative remedies. See, e.g., Vasquez v. Strada, 684 F.3d 431, 433 (3d Cir. 2012) (citing Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996)). The administrative remedy procedure is set forth at 28 C.F.R. § 542.10 *et seq.*, and provides formal review of any complaint that relates to any aspect of the inmate's confinement. Under this process, inmates are encouraged to first attempt resolution of their complaints informally by addressing the matter with a member of their Unit Team. 28 C.F.R. § 542.13. If informal resolution is insufficient to resolve the matter, the inmate may file a formal complaint with the Warden. 28 C.F.R. § 542.14(a). If the inmate is not satisfied with the Warden's response, he may appeal the response to the Regional Director within 20 days of the date of the Warden's response. 28 C.F.R. § 542.15(a). If the inmate is dissatisfied with the Regional Director's response, he may file a Central Office Appeal with the BOP's Office of General Counsel in Washington, D.C. within 30 days of the date of the Regional Director's response. Id. Appeal to the Office of General Counsel is the final administrative appeal in the BOP. Id.

The exhaustion requirement is mandated because it promotes the important goals of: (1) providing the BOP with the opportunity to correct its own errors before the federal court becomes involved, thus fostering administrative autonomy; (2) permitting the BOP to grant the relief requested if such relief is warranted, which conserves judicial resources; and, (3) allowing the BOP the opportunity to develop a factual record and apply its expertise, which facilitates judicial review in the event such review is required. Moscato, 98 F.3d at 761-62.

Prior to his transfer to FCI McKean, Petitioner was incarcerated at the United States Penitentiary in Allenwood. On December 15, 2016, when he was an inmate at that penitentiary, he filed with its warden a request for administrative remedy concerning his IFRP contract. The request was denied that same date. (Resp's Ex. 1, Attach. B at 14). On January 23, 2017, Petitioner filed an appeal with the Northeast Regional Office. That office rejected his request that same date because it was untimely. (Id.

5

at 15). Petitioner once again tried to submit the issue to the Regional Office on February 8, 2017. That appeal was rejected for being untimely too. (Id.) He took no further administrative action concerning this issue. Therefore, to the extent that Petitioner is raising a claim that is cognizable under § 2241, it is dismissed for failure to exhaust. Vasquez, 684 F.3d at 434 (district court properly dismissed federal prisoner's § 2241 petition because he failed to exhaust his administrative remedies); Garcia v. United States, 518 F. App'x 78, 79 (3d Cir. 2013) (same); Wilson v. Strada, 474 F.App'x 46, 48 (3d Cir. 2012) (same).

## II.

For the foregoing reasons, all of the claims raised by Petitioner in this habeas proceeding are dismissed.[3] An appropriate Order follows.

Dated: February 15, 2019

/s/ Susan Paradise Baxter  
SUSAN PARADISE BAXTER  
United States District Judge

---

[3] 28 U.S.C. § 2253 sets forth the standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Federal prisoner appeals from the dismissal of a § 2241 habeas corpus proceeding are not governed by the certificate of appealability requirement. United States v. Cepero, 224 F.3d 256, 264-65 (3d Cir. 2000), abrogated on other grounds by Gonzalez v. Thaler, 565 U.S. 134 (2012).